UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PATRICK MURRAY, NANCY MURRAY,

                              Plaintiffs,
     vs.                                                   7:07-CV-748 (TJM/GJD)

WATERTOWN CARDIOLOGY, P.C.,
DR. PHILIP J. ANDREW, Individually and
doing business as WATERTOWN CARDIOLOGY,
DR. RAKISH MALHORTA,

                              Defendants.
_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

### I. INTRODUCTION

Plaintiffs commenced this medical malpractice action on July 18, 2007 pursuant to the Court's diversity jurisdiction. *See* Compl. ¶¶ 1-5. Plaintiffs assert that Defendants were negligent, grossly negligent and wantonly reckless by failing to properly "diagnose, test, or treat" Plaintiff Patrick Murray for "his cardiac heart condition" and by certifying "Plaintiff to be fit for the extreme stress of a war zone in the Republic of Iraq." *Id.* ¶ 9.

Presently before the Court is Defendant Dr. Rakish Malhorta's motion to dismiss the action against him: (a) for insufficient service of process; (b) for lack of personal jurisdiction; (c) for failure to state a claim upon which can be granted, and (d) for failure to plead in accordance with Fed. R. Civ. P. 8. Plaintiffs have opposed the motion.

1

## II. DISCUSSION

### a. Insufficient Service of Process/Lack of Personal Jurisdiction

Defendant Malhorta asserts that he has not been served with the summons and complaint in this matter and, therefore, personal jurisdiction over him is lacking. "While lack of personal jurisdiction is the substance of [Defendant's] motion, technically Rule 12(b)(5) is the proper provision to challenge the mode of delivery or the lack of delivery of the summons and complaint." *Ebanks v. Ebanks,* 2007 WL 2591196, at *3 (S.D.N.Y. Sept. 6, 2007) (internal quotation marks and citations omitted); *see also Greene v. Wright,* 389 F. Supp.2d 416, 426 n. 2 (D. Conn. 2005) ("A Rule 12(b)(5) motion is the proper vehicle for challenging . . . the lack of delivery of the summons and complaint.")(*quoting* 5B CHARLES ALLAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353, at 334 (3d ed. 2004)).

"In considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Khan v. Ahmed,* 2007 WL 1180567, at * 1 (S.D.N.Y. April 13, 2007)(internal quotation marks and citations omitted). "Once a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." *Ebanks,* 2007 WL 2591196, at *3 (S.D.N.Y. Sept. 6, 2007)(internal quotation marks and citations omitted). "'Conclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn statement that he was never served with process.'" *Mende v. Milestone Technology,* 269 F. Supp.2d 246, 251 (S.D.N.Y. 2003) (quoting *Howard v. Klynveld Peat Marwick Goerdler,* 977 F. Supp. 654, 658

(S.D.N.Y.1997), *aff'd* 173 F.3d 844, 1999 WL 265022 (2d Cir. 1999)(unpublished opinion)).   "A motion to dismiss pursuant to Rule 12(b)(5) must be granted if the plaintiff fails to serve a copy of the summons and complaint on [a defendant] pursuant to Rule 4 of the Federal Rules, which sets forth the federal requirements for service." *Rzayeva v. U.S.*, 492 F. Supp.2d 60, 74 (D. Conn. 2007)(citing *Cole v. Aetna Life & Cas.,* 70 F. Supp.2d 106, 110 (D. Conn. 1999)).

    At the time Defendant Malhorta filed his motion (August 23, 2007), Plaintiffs had not filed an affidavit of service of the summons and complaint with regard to him.  On August 30, 2007, Plaintiffs filed their opposition to the motion (dkt. # 13) and an affidavit from a process server attesting that (1) on August 13, 2007, the process server served the summons and complaint on "Jane Doe" at 501 New Kerner Rd., Albany, N.Y. 12205, Defendant Malhorta's purported place of business, and (2) on August 14, 2007, the process server mailed a copy of the summons and complaint to Defendant Malhorta at 501 New Kerner Rd., Albany, N.Y. 12205.  Aff. of Serv., dkt. #  12.  Plaintiffs argue that the process server's actions effectuated proper service of process.  *See* Opp.

    In reply, Defendant Malhorta asserts:

> 2.  Sometime between July 19, 2007 and August 2, 2007, a representative of the plaintiffs attempted to serve the Medical Director of Capital Care Medical Group located at 501 New Karner Road, Albany, New York 12205.  At that time, the Medical Director refused to accept service.
>
> 3. The New Karner Road facility is the corporate headquarters for Capital Care Medical Group, which maintains medical facilities throughout New York State.  Although I was employed by Capital Care Medical Group, my actual place of business was in Schenectady,  New York. At no time was my actual place of business at the Capital Care Medical Group headquarters.
>
> 4.  On August 3, 2007, I retired from Capital Care Medical Group and moved

>   out of New York State.
>
>   5.  At no time while I was employed by Capital Care Medical Group did anyone accept personal service on my behalf.
>
>   6.  At no time while I was employed by Capital Care Medical Group did I receive service of these papers by mail or in person. To date, I have not been directly provided with a copy of any lawsuit papers by the plaintiff or a representative of the plaintiff. I have never been served a copy of a Complaint in this action.

Malhorta Aff. ¶¶ 2-6 [dkt. # 15].

Assuming *arguendo* that 501 New Karner Road in Albany was Defendant Malhorta's "actual place of business" prior to August 3, 2007, *see* Fed. R. Civ. P. 4(e); N.Y. C.P.L.R. § 308(2),[1] the process server's actions on August 13 and 14, 2007 would not have effectuated proper service of process because Defendant Malhorta was no longer employed by Capital Care Medical Group at this time. *See* Malhorta Aff. ¶¶ 2-6. Indeed, the uncontradicted evidence indicates that Defendant Malhorta was no longer residing in the State of New York at this time. *Id.*

Accordingly, the Court concludes that Plaintiffs have failed to establish proper service of process upon Defendant Malhorta as required by Fed. R. Civ. P. 4. The action will be dismissed without prejudice. Because (1) an outright dismissal might end the opportunity to pursue a claim against Defendant Malhorta *if* the statute of limitations had not expired at the commencement of the action (*see* fn. 2, *infra*) but expires before

---

[1] Rule 4(e)(1) allows service upon an individual "pursuant to the law of the state in which the district court is located." New York law provides for service of a summons and complaint by "deliver[y] ... to a person of suitable age and discretion at the actual place of business . . . of the person to be served" and by mailing the summons and complaint "by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other. N.Y. C.P.L.R. § 308(2).

Plaintiffs can effectuate service upon Defendant Malhorta; and (2) the 120 day time period in which to effectuate service (*see* Fed. R. Civ. 4(m)) will not expire until November 15, 2007, the dismissal order will be effective November 16, 2007.   If Plaintiffs effectuate proper service upon Defendant Malhorta, they may move to vacate this order.

### b.  Remaining Grounds for Dismissal

 Inasmuch as the Court lacks personal jurisdiction over Defendant Malhorta, the Court declines to reach the merits of Defendant's remaining bases for dismissal.[2]

## III.  CONCLUSION

For the reasons discussed above, Defendant Malhorta's motion to dismiss the action against him is GRANTED and the action against Defendant Malhorta is DISMISSED effective November 16, 2007.

**IT IS SO ORDERED**.

DATED: October 1, 2007

Thomas J. McAvoy
Senior, U.S. District Judge

---

[2] Defendant challenges the sufficiency of the pleadings under Rule 12(b)(6), contending that: (a) Defendant Malhorta was not involved in Plaintiff's cardiac diagnosis or the certification of Plaintiff for active military duty in a war zone; (b) the Plaintiffs cannot prove causation between Defendant Malhorta's conduct and their purported injuries; and (c) the claim is barred by the applicable statue of limitations.  As to the third contention, Plaintiffs assert that the running of the statute of limitations was tolled during Plaintiff's term of active military duty and that, given this period, the action was commenced in a timely fashion.  All three arguments raise factual issues beyond the pleadings and, therefore, are not susceptible to resolution on a Rule 12(b)(6) motion. The Court trusts that, if the action is pursued against Defendant Malhorta, Plaintiffs have a good faith basis, supported by law (or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law) and fact to continue the action as required by Fed. R. Civ. P. 11.  Similarly, the Court trusts that if the action against Defendant Malhorta is pursued, Defendant Malhorta will make only those motions that, in good faith, are likewise supported by law (or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law) and fact.