**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PATRICK MURRAY, NANCY MURRAY,**

                                        **Plaintiffs,**

            **vs.**                                        **7:07-CV-748 (TJM/GJD)**

**WATERTOWN CARDIOLOGY, P.C.,**
**DR. PHILIP J. ANDREW, Individually and**
**doing business as WATERTOWN CARDIOLOGY,**
**DR. RAKISH MALHORTA,**

                                **Defendants.**

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION & ORDER**

**I.      INTRODUCTION**

Plaintiffs commenced this medical malpractice action on July 18, 2007 pursuant to

the Court's diversity jurisdiction.  *See* Compl. ¶¶ 1-5.  Plaintiffs assert that Defendants

were negligent, grossly negligent and wantonly reckless by failing to properly "diagnose,

test, or treat" Plaintiff Patrick Murray for "his cardiac heart condition" and by certifying

"Plaintiff to be fit for the extreme stress of a war zone in the Republic of Iraq." *Id.* ¶ 9.

Defendant Dr. Rakish Malhorta previously moved to dismiss the action against him:

(a) for insufficient service of process; (b) for lack of personal jurisdiction; (c) for failure to

state a claim upon which can be granted, and (d) for failure to plead in accordance with

Fed. R. Civ. P.  8.  By Decision and Order dated October 1, 2007, the Court granted

Defendant's motion to dismiss for insufficiency of process, but gave Plaintiff until

1

November 16, 2007 to effectuate service and move to vacate the October 1, 2007 Order. Plaintiff now moves to vacate the October 1 Order.  Defendant cross-moves for dismissal for the reasons set forth above.

## II.    DISCUSSION

### A.    Service of Process/Lack of Personal Jurisdiction

_____Plaintiff claims that service upon Malhorta was properly effectuated pursuant to N.Y.C.P.L.R. § 308(4)'s nail and mail provision.  Defendant responds that, because he lives in Pennsylvania, Plaintiff should have effectuated service under Pennsylvania law; not New York law.  Defendant further argues that §308 only applies to service within New York State.  Defendant's contentions must be rejected.

Fed. R. Civ. P. 4(e) plainly provides that "service upon an individual from whom a waiver has not been obtained and filed . . . may be effected in any judicial district of the United States: (1) pursuant to the law of the state in which the district court is located, or in which service is effected. . . ."  Because this Court sits in New York, it was proper for Plaintiff to use New York law to effectuate service.  Parkins v. St. John, 2004 WL 1620897, at *2 (S.D.N.Y. 2004).  Under New York law, extraterritorial service may be effectuated by using N.Y.C.P.L.R. § 308(4).  See N.Y.C.P.L.R. § 313; Weimer v. Lake, 268 A.D.2d 741 (3d Dep't 2000).

Defendant has not contended that he was improperly served under N.Y.C.P.L.R. § 308(4).  Accordingly, the motion to vacate is GRANTED and the cross-motion to dismiss for improper service is DENIED.

**B.**   **Immunity**

Defendant next contends that this action should be dismissed because he is immune from liability.  Defendant argues that he "was technically an employee of the United States Army and should therefore be immune from liability."  Def.'s Mem. of Law at 3.

There is no allegation or assertion in the Complaint that Defendant was an employee of the United States.  Whether Defendant was an employee of the United States who is entitled to invoke the immunity of the United States is a matter that is not proper for resolution on a motion to dismiss.  This is a factual matter that may be addressed on a motion for summary judgment or at trial.  Accordingly, the motion is DENIED.

**C.**   **Failure to State a Claim**

Defendant next argues that Plaintiff's claim that he was inappropriately certified to participate in the war in Iraq which, in turn, caused Plaintiff mental and physical injuries is not a claim upon which relief can be granted.  Defendant provides no legal basis for this ground for dismissal.  Stated otherwise, Defendant has not sustained its burden of demonstrating that Plaintiff has not stated a claim upon which relief can be granted.  This Court is not inclined to do the lawyering for Defendant.  On this basis alone, the Court denies the motion to dismiss.

In any event, the gravaman of Plaintiff's Complaint is a claim of medical malpractice - failure to properly diagnose or treat Plaintiff's heart condition.  Defendant's contention appears to focus on whether Plaintiff sustained damages causally related to Plaintiff's

claim of medical malpractice.  The Court is inclined to agree that, if the sole basis of Plaintiff's damages is that he was exposed to, and injured by, the incidents of war experienced by all soldiers, then his claim would not be cognizable as the chain of causation would have been severed.  If, however, Plaintiff experienced an aggravation to his heart condition as a result of being certified to be deployed in Iraq, then there may be a causal connection (albeit, an apparently attenuated and weak one) between the injury and any claimed damages.  Because this is a factual issue that cannot be resolved on a motion to dismiss, the motion must be denied.  Similarly, Defendant's arguments that he did not perform any cardiac diagnosis on Plaintiff and that he "was not in a position to certify any individuals for war," Def.'s Mem. of Law at 4, are factual issues that may not be resolved at this time.  These issues may be reasserted on a properly filed and supported motion for summary judgment.

### D.    Rule 8(e)

Defendant next contends that Plaintiff's Complaint violates Rule 8 in that it is not simple, concise and direct.  Defendant complains that the defendants are all grouped together and it is difficult to discern which allegations pertain to which individual defendants.

While the Complaint could have more clearly specified and delineated the conduct attributed to each of the two individual defendants, it need not do so.  The Complaint adequately sets forth the basis of the claim, allows Defendant to understand the nature of the claim such that he may prepare a defense, and states a claim upon which relief can be granted.  Through the discovery process, Defendant can ascertain what actions (or failures to act) are specifically attributable to him and get a better understanding of

4

Plaintiff's theories, claimed injuries, etc.

     **E.**    <u>**Statute of Limitations**</u>

Finally, Defendant claims that this action is time-barred because it was commenced in July 17, 2007, more than two and one-half years after Plaintiff's treatment in January and February 2004.  This argument must be rejected.

The Complaint alleges that Plaintiff received his last treatment from Defendant in February 2004.  The Complaint further alleges that Plaintiff was enrolled in the military at the time of his treatment in early 2004.  Pursuant to N.Y. Mil. Law § 308, the statute of limitations is tolled during that period of time Plaintiff was in military service.  Plaintiff was discharged from the military on March 11, 2005.  He, therefore, had two years and six months from that date (until September 2007) to commence this action.  N.Y.C.P.L.R. § 214-a.  Because the Complaint was filed in July 2007, it is timely.

**III.**    **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to vacate the October 1, 2007 Order is GRANTED and Defendant's cross-motion to dismiss is DENIED.

**IT IS SO ORDERED**.

DATED: December 5, 2007

Thomas J. McAvoy
Senior, U.S. District Judge